STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**March 16, 2021**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **K.B.-R. and L.R.**

**No. 20-0734** (Marshall County 19-JA-55 and 19-JA-56)

# MEMORANDUM DECISION

Petitioner Mother S.R., by counsel Sherrilyn Farkas VanTassel, appeals the Circuit Court of Marshall County's August 21, 2020, order finding that the children were not abused or neglected by respondent father and dismissing the petition.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Thomas E. White, filed a response on the children's behalf in support of the circuit court's order. Respondent Father B.B., by counsel Mark D. Panepinto, filed a response in support of the circuit court's order. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in finding that the children were not abused and neglected and in immediately restoring the parties' shared custody plan following the dismissal of the petition.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the circuit court below erred in failing to make sufficient findings of fact and conclusions of law necessary for meaningful appellate review. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

In December of 2019, the DHHR filed a child abuse and neglect petition alleging that petitioner witnessed L.R. deleting photographs from L.R.'s personal cellular device. Upon investigation, petitioner observed several nude photographs of K.B.-R. on the device. L.R. then made allegations that respondent father condoned the images and had sexually abused her (L.R.). According to the petition, L.R. provided further details of the sexual abuse during a forensic interview, and K.B.-R. asserted that she witnessed the respondent father touching L.R. inappropriately. Respondent Father waived his preliminary hearing, and the children remained in the custody of petitioner.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

Following some procedural delays, the circuit court began hearing evidence relevant to adjudication in July of 2020. In summary, the circuit court heard testimony from the children, in camera; the investigating Child Protective Services ("CPS") worker; a CPS supervisor; a law enforcement officer who conducted a criminal investigation of the allegations; the children's paternal grandmother; petitioner; the children's forensic interviewer; the children's therapist; and a witness qualified as an expert in trauma-informed care, interviewing techniques for child sexual assault and exploitation, and impact of trauma on victims and collaterals. The circuit court also viewed the children's forensic interviews in their entirety. Following arguments from counsel, the circuit court found, on the record, that "no party in this action ha[d] shown by clear and convincing evidence anything that is sufficient to substantiate a finding of abuse or neglect." The circuit court dismissed the child abuse and neglect petition and reinstated the parties' original custody arrangement. The circuit court's August 21, 2020, order reflects this single evidentiary finding as well, simply concluding as follows:

> Upon consideration of the matters presented, exhibits filed, testimony of witnesses, and argument of counsel, this Court FINDS and CONCLUDES, in the best interest of the children that:
>
> There has not been any substantiation of abuse and/or neglect by any party.
>
> The Court further FINDS that the Department has made reasonable efforts to achieve permanency.

Petitioner now appeals the circuit court's adjudicatory order.

The Court has previously held:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court's ultimate conclusion is against the weight of the evidence presented below. Without rendering any judgment on this assignment of error or petitioner's other arguments, we find it necessary to remand this proceeding for the entry of an order with findings of fact and conclusions of law to support the circuit court's conclusion.

2

West Virginia Code § 49-4-601(i) requires that "[a]t the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether the child is abused or neglected." *See also* R. 27, W. Va. R. of P. for Child Abuse and Neglect Proc. (requiring findings of fact and conclusions of law at the conclusion of the adjudicatory hearing). The circuit court's order "must be sufficient to indicate the factual and legal basis for the [court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). "Dismissal orders . . . should contain findings of fact which are sufficient to provide clear notice to all parties and the reviewing court as to the rationale applied by the lower court. We cannot perform our function when the lower court simply states its ruling in an order." *P.T.P., IV, ex rel. P.T.P., III, v. Bd. of Educ. of the Cty. of Jefferson*, 200 W. Va. 61, 65, 488 S.E.2d 61, 65 (1997). Finally,

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Here, the circuit court's failure to set forth any findings of fact in support of its conclusion constitutes a substantial disregard or frustration of the statute governing adjudication, and, as such, vacation is necessary for compliance with the process set forth in the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and so that this Court may conduct a meaningful appellate review.

Accordingly, because the circuit court failed to make adequate findings of fact to enable sufficient appellate review, we vacate the circuit court's August 21, 2020, adjudicatory order and remand the matter with instructions to forthwith issue a new order containing the findings of fact and conclusions of law necessary to establish whether the children were abused and/or neglected. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded.

**ISSUED**: March 16, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton